IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ERIC BERNARD SIMMONS, Trustee, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 19-2355-LPS |
| | : | |
| ERIC BERNARD SIMMONS TRUST, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

1. **Introduction**. Plaintiff Eric Bernard Simmons ("Simmons"), SBI No. 790874, is an inmate at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware. Because he filed the instant complaint as Plaintiff Eric Bernard Simmons, Trustee, and did not identify himself as an inmate,[1] the filing fee requisites of the Prison Litigation Reform Act ("PLRA") were not applied at the outset of the case. (*See* D.I. 8)

2. **Background**. The Complaint states that it is brought by

> Simmons (herein Plaintiff/Secured Party), a sovereign American national to request the court to issue an attachment and garnishment of property belonging to Eric Bernard Simmons Trust (herein Trust) a foreign state. Trust has breached a security agreement. In order to secure satisfaction of a judgment that may ultimately be entered against Trust, Plaintiff seeks to garnish said property being used for commercial activity by the State of Delaware for the benefit of the Trust.

(D.I. 2 at ¶ 1) The property Simmons seeks to attach and garnish concerns a June 22, 2015 Delaware Department of Justice indictment against Simmons and a September 1, 2017 "judgment in the form of a sentencing order" issued by the Delaware Superior Court that committed Simmons to the custody of the Delaware Department of Correction under SBI No. 790874. (D.I. 2 at ¶¶ 18, 19)

---

[1] The envelope's return address has Plaintiff's SBI Number and the street address for HRYCI, but does not use the HRYCI name.

1

Documents indicate that Simmons submitted "proofs of claims" and "notices of default" to the State of Delaware, and that he considers his criminal cases as "property," his criminal indictment and corrected sentencing order as "negotiable instruments," and he describes a lien on the property as an "international commercial lien in the amount of $100,000,000 in silver dollars, fiat money, or money of account/credit at par value" for his benefit as trustee/secured party creditor.  Simmons seeks to be made whole in the amount of a $100,000,000 maritime lien filed against Trust property and asks the Court to garnish the Trust's property located in the State of Delaware that is being used for commercial activity.  (D.I. 2 at 11)

3. Once the Court discovered that Simmons was an incarcerated individual, it vacated the January 8, 2020 order (D.I. 8) that had granted him leave to proceed *in forma pauperis* and, pursuant to the PLRA, granted Simmons leave to proceed *in forma pauperis* and required him to submit to the Clerk of Court a certified copy of his prison trust account statement (memorandum or institutional equivalent with attachments) showing all deposits, expenditures and balances during the six-month period, immediately preceding the filing of the complaint, obtained from the appropriate official at the institution where Simmons is confined.  (*See* D.I. 12)  Simmons was warned that the case would be dismissed should he fail to return the requested information within thirty days.  (*Id.*)

4. On March 2, 2020, Simmons filed an "order to show cause" pursuant to Fed. R. Civ. P. 52(a).[2]  (D.I. 13)  The filing captions Simmons as the Petitioner, and the undersigned Judge is named as the Respondent.  It does not contain a case number.  After it was docketed in this case, Simmons contacted the Clerk's Office and indicated that he wanted the "order to show cause" opened as a new case.  He asks that the Court "show cause" why Simmons' SBI number is on the Court Docket, why he is required to submit his prison trust account statement, and why it has been

---

[2] Rule 52(a) does not provide the relief Plaintiff seeks.

determined that Simmons is a prisoner as defined by the PLRA, 28 U.S.C. § 1915(h). He asks the Court to vacate the February 7, 2020 Order and reinstate the January 14, 2020 order.[3] The Court construes Simmons' requests as a motion for reconsideration of the February 7, 2020 Order. The Court declines to open a new action for the March 2, 2020 filing.

5. **Motion for Reconsideration**. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A proper Rule 59(e) motion must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

6. No matter how he describes himself, Plaintiff is a prisoner as defined under the PLRA. *See* 28 U.S.C. § 1915(h) ("prisoner" means any person "incarcerated or detained in any facility who is accused of, convicted or, sentenced for, or adjudicated delinquent for, violation of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program"). As discussed by the Delaware Superior Court, Simmons was sentenced by a Court to a term of years in prison, following which he will be released to a detainer lodged by the State of Iowa, where it is presumed he will serve another term of years. *See Simmons v. Akinbayo*, 2018 WL 3827149 (Del. Super. Ct. Aug. 6, 2018). He was sentenced in Delaware in September 2017 and it appears he will be in Delaware prisons until 2024 and will then be transferred to Iowa. *Id.*

---

[3] On April 16, 2020, Plaintiff filed a "Declaration of Default Consent to Judgment" (D.I. 14) based on the lack of immediate response to his "order to show cause." The filing asserts that the undersigned judge is "in default," and "admit[s] total acceptance and full agreement" to all facts in Plaintiff's affidavit, based on the Court's "silent acquiescence." (*Id.* at 3) The filing goes on to reiterate Plaintiff's position that he is not a prisoner under the PLRA.

7. Plaintiff's motion fails on the merits because he has not set forth any intervening changes in the controlling law, new evidence, or clear errors of law or fact made by the Court warranting reconsideration. *See Max's Seafood Café*, 176 F.3d at 677. Therefore, the motion for reconsideration will be denied. (D.I. 13)

8. **Representing the Trust**. In reading the Complaint, it seems that Plaintiff commenced this suit for the benefit of the Trust, given the allegations that "Plaintiff seeks to garnish said property being used for commercial activity by the State of Delaware for the benefit of the Trust." (D.I. 2 at 11) To the extent that is his intent, he may not do so. Simmons is not an attorney and may not represent the Trust; the Trust may not appear in federal court without counsel. *See In re Olick*, 571 F. App'x 103, 106 (3d Cir. 2014).

9. **Conclusion**. For the above reasons, the Court will: (1) deny the motion for reconsideration (D.I. 13); and (2) give Plaintiff additional time to comply with the February 7, 2020 Order. An appropriate order will be entered.

April 20, 2020  HONORABLE LEONARD P. STARK
Wilmington, Delaware  UNITED STATES DISTRICT JUDGE